Submitted March 11, affirmed May 11, 2022

In the Matter of A. D. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. B.,
*Appellant.*

Douglas County Circuit Court
21JU02456; A177131

510 P3d 288

Jason R. Thomas, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kirsten M. Naito, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals from a disposition judgment after the juvenile court asserted jurisdiction over her infant daughter. She contends that the Department of Human Services (DHS) failed to make active efforts to reunify her with her daughter, primarily because it failed to approve an in-home plan with father's sister.[1]

Because mother's daughter is an Indian child, the juvenile court was required to determine if DHS had made "active efforts" to reunite her with mother, ORS 419B.340(1). Under ORS 419B.645, "active efforts" are efforts that are "affirmative, active, thorough, timely and intended to maintain or reunite an Indian child with the Indian child's family."

Having reviewed the record for any evidence in support of the juvenile court's findings of fact and its conclusions of law for legal error, *Dept. of Human Services v. R. W.*, 277 Or App 37, 39, 370 P3d 543 (2016), we conclude that the juvenile court did not err. The department made extensive efforts toward reunification, most of which were rejected by mother, including a proposed in-home placement with another relative. Its rejection of mother's preferred placement with a different relative does not support a conclusion that those efforts were not active.

Affirmed.

---

[1] Father is not a party to this appeal.